IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )   Chapter 7
JEFFERY TODD WESTMEYER,             )
                                    )   Bankruptcy No. 09-03590
        Debtor.                     )

## ORDER RE OBJECTION TO EXEMPTION;
## AMENDED MOTION TO AVOID SECURITY INTEREST

This matter came before the undersigned on April 21, 2010 on Trustee's Objection to Property Claimed Exempt (Doc. 12) and Debtor's Motion to Avoid Security Interest (Doc. 22, as amended by Doc. 35). Attorney Paul Demro represented Debtor Jeffery Westmeyer. Attorney Galen Hassman appeared for Creditor Connie Westmeyer. Attorney Michael Dunbar appeared as the Chapter 7 Trustee. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

## STATEMENT OF THE CASE

Trustee asserts Debtor is not entitled to claim a homestead exemption because he was not residing in the home when he filed his bankruptcy petition. In the alternative, Trustee asserts the homestead is not exempt to the extent of unpaid support obligations. Debtor argues his homestead exemption is properly claimed. He seeks to avoid a judgment lien that he claims impairs his homestead exemption.

## FINDINGS OF FACT

Debtor filed his Chapter 7 petition on December 14, 2009. A few weeks prior to that date, Debtor entered into a contract to sell his home and moved out of the home into an apartment. The sale has not been completed because a title examiner found numerous liens on the real estate, although the buyer has been occupying the home.

The 14-year marriage between Debtor and Creditor Connie Westmeyer was dissolved by decree in Iowa District Court in July 2006. Debtor received the homestead but was ordered to pay Ms. Westmeyer a property equalization settlement. When he was not able to pay the settlement, Ms. Westmeyer commenced contempt proceedings that resulted in a court-approved stipulation that Debtor would sell the homestead to pay the debt. A distant relative of Debtor entered into an agreement to buy the home. Debtor gave the buyer early occupancy in order to facilitate the sale of her prior home. The day before the scheduled closing on the sale on November 27, 2009, a title opinion found many judgments and tax liens attached to the real estate.

The stipulation in the dissolution case provides that Debtor may purge himself from contempt by selling his home and using the proceeds to pay the property settlement to his former spouse, certain attorney fee judgments, and other debts arising from the dissolution decree, in the total amount of $45,893.60. The parties herein all stipulate that this debt is excepted from discharge under § 523(a)(15). Counsel for Ms. Westmeyer stated at the hearing that he understands that Debtor agrees the homestead is not exempt from this dissolution debt owed to Ms. Westmeyer. In her brief, Ms. Westmeyer cites authority for the proposition that a homestead in Iowa is not exempt from a lien imposed in dissolution of marriage proceedings.

Trustee argues that the home was not Debtor's residence at the date of the bankruptcy petition and Debtor had no intention or reasonable expectation of returning to it as his homestead. He concedes that Iowa law applies and that Debtor can exempt the proceeds from the sale of his homestead for a reasonable time in order to reinvest it in a subsequent homestead. Trustee requests the Court establish what period is reasonable. Debtor concedes he was not living in the home at the petition date, but asserts that if the sale were not completed, he would move back in.

Debtor filed an Amended Motion to Avoid Security Interest on March 22, 2010. He asserts a judgment lien by Goeke & Goeke impairs his homestead exemption. Goeke & Goeke is the law firm, which represented Debtor in his dissolution of marriage. Its judgment lien arises from a Confession of Judgment by Debtor in a civil case in Iowa District Court for Bremer County, CVCV 003742, which is separate from the dissolution case, CDDM 001213. Goeke & Goeke objects to avoidance of its lien and joins in Trustee's objection to the homestead exemption.

2

## CONCLUSIONS OF LAW

Under Iowa Code sec. 561.1, a homestead "must embrace the house used as a home by the owner." The homestead character does not attach to property unless it is actually used and occupied as a home. Givans v. Dewey, 47 Iowa 414, 1877 WL 807,*2 (Iowa 1877). Generally, in bankruptcy cases, a debtor's exemption rights are determined as of the date the debtor files the bankruptcy petition. See, e.g., In re Wade, 354 B.R. 876, 885 (Bankr. N.D. Iowa 2006).

A homestead may be lost or abandoned by actual removal from the home under circumstances clearly indicating that such removal is not merely temporary. Shaffer v. Miller, 192 N.W. 868, 872 (Iowa 1923). The homestead exemption is not lost when possession is released temporarily. Id. Whether a homestead has been abandoned is a question of intent to be determined from the specific facts of each case. Charter v. Thomas, 292 N.W. 842, 843 (Iowa 1940).

Iowa Code sec. 561.20 provides: "Where there has been a change in the limits of the homestead, or a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been." Applying this provision, Iowa courts have held that the sale of a homestead, with the intention of purchasing another, entitles a party to a sufficient time in which to carry out that intention. Benham v. Chamberlain & Co., 39 Iowa 358, 1874 WL 474, *2 (Iowa 1874); Braunger v. Karrer, 563 N.W.2d 1, 3 (Iowa 1997). If there is no unreasonable delay, the owner holds the new homestead exempt from debts to the same extent as the old homestead. Benham, 1874 WL 474, *2. The net proceeds from the sale of a homestead thus remain exempt for a reasonable period of time. In re Russow, 357 B.R. 133, 135 (Bankr. N.D. Iowa 2007). Generally, one year has been construed as a reasonable time within which to reinvest homestead proceeds into a new homestead. In re Ersepke, No. 92-00561, 1993 WL 767975, *3 (Bankr. N.D. Iowa Nov. 30, 1993); Millsap v. Faulkes, 20 N.W.2d 40, 42 (Iowa 1945).

The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary. Iowa Code § 561.16. Judgment liens generally cannot attach to property used and occupied as a homestead. Baratta v. Polk County Health Servs., 588 N.W.2d 107, 112 (Iowa 1999).

3

> While Iowa Code sec. 624.23(1) provides that "judgment liens . . . are liens upon the real estate owned by the defendant . . . from the date of the judgment," the terms of this provision are limited by the homestead exemption provided in § 561.16. Baratta, 588 N.W.2d at 110 (citing Lamb v. Shays, 14 Iowa 567, 570 (1863)). Taken together, these two Iowa Code sections prevent a judgment lien from attaching to property designated as a homestead under § 561.1. Baratta, 588 N.W.2d at 110.
> . . .
>
> The Iowa Supreme Court has long recognized that Iowa Code § 598.21, the statute which grants Iowa courts the power to make an equitable distribution of property in a divorce proceeding, is a "special declaration of statute" which makes the homestead laws ineffective to bar judicial sale or other disposition.

In re Heeren, 324 B.R. 733, 736 -37 (Bankr. N.D. Iowa 2005). Neither the homestead exemption nor § 522(f)(1) lien avoidance can defeat the exception created by Iowa Code sec. 598.21 which allows dissolution courts to place judicial liens upon, and order the sale of, a debtor's homestead. See In re Reinders, 138 B.R. 937, 942 (Bankr. N.D. Iowa 1992).

Trustee bases his alternate argument on § 522(c)(1) which was amended in 2005 to make otherwise exempt property liable for debts for domestic support obligations. He argues that this section allows him to liquidate exempt assets and pay the proceeds to the party holding the claim for support. The courts that have considered this argument have unanimously rejected it. In re VanDeventer, 368 B.R. 50, 52 (Bankr. C.D. Ill. 2007). After reviewing the cases and policy arguments, the court in VanDeventer held: "[T]he BAPCPA amendment to § 522(c)(1) does not provide a Chapter 7 trustee with a valid basis to object to a claimed exemption or to administer otherwise exempt property for the benefit of a domestic support obligation claimant." Id. at 54; see also In re Jacobs, 401 B.R. 202, 207 (Bankr. D. Md. 2008); In re Bozeman, 376 B.R. 813, 814 (Bankr. W.D. Ky. 2007); In re Covington, 368 B.R. 38, 41 (Bankr. E.D. Cal. 2006); In re Ruppel, 368 B.R. 42, 44 (Bankr. D. Or. 2007); In re Quezada, 368 B.R. 44, 48 (Bankr. S.D. Fla. 2007).

4

## ANALYSIS

The circumstances of this case are unusual in that Debtor was neither residing in his homestead nor had he received the proceeds of the sale of his homestead at the time he filed his bankruptcy petition. At the petition date, Debtor clearly had the intent to sell the home as ordered in the dissolution proceedings to purge himself from contempt in his dissolution of marriage case and had already entered into an agreement to sell the property. Debtor states that, if the sale did not go through, he would move back into the home. In addition, he asserts that any proceeds he receives from the sale of the homestead are exempt.

Trustee, as the party objecting to Debtor's homestead exemption, has the burden of proving the exemption is not properly claimed. Fed. R. Bankr. P. 4004. Based on the record presented, the Court finds that Trustee has not proved that Debtor intended to abandon his homestead. Rather, he was required to sell the home to pay his dissolution debts. Any net proceeds Debtor receives from the sale remain exempt to the extent he reinvests them in a new homestead within a year of the closing of the sale.

Debtor's homestead is not exempt from the debts totaling $45,893.60 as set out in the court-approved Consent Stipulation filed in Iowa District Court on June 4, 2009. Such debts do not impair Debtor's homestead exemption because, under Iowa law, dissolution courts are allowed to order the sale of a homestead. Non-dissolution judgment liens, however, are avoidable as impairing an exemption under § 522(f)(1).

Based on the foregoing, the Court concludes that Trustee's Objection to Exemption should be denied. Debtor properly claimed his homestead exempt and any net proceeds from the sale are exempt for at least a year after the sale closes in order for Debtor to reinvest them in a new homestead. Section 522(c)(1) does not allow Trustee to liquidate the homestead for the benefit of Ms. Westmeyer as a domestic support creditor.

Creditor Goeke & Goeke holds a judgment lien based on a confession of judgment in a civil case that was not part of the dissolution proceedings. In Iowa, unless there is a special declaration of statute otherwise, judicial liens do not attach to homestead real estate. As Goeke & Goeke's claim does not arise from the

5

dissolution court's orders, its judicial lien does not attach to Debtor's exempt homestead.

**WHEREFORE**, Trustee's Objection to Property Claimed Exempt (Doc. 12) is DENIED.

**FURTHER**, Debtor properly claimed his homestead exempt. Debtor's net proceeds from the sale of the homestead will remain exempt for up to one year after the sale closes in order for Debtor to reinvest them in a new homestead.

**FURTHER**, Debtor's Motion and Amended Motion to Avoid Security Interest is GRANTED IN PART. The judicial lien of Goeke & Goeke does not attach to Debtor's homestead real estate.

**FURTHER**, the judicial lien of Goeke & Goeke from the Bremer County case, CVCV 003742, does not attach to Debtor's homestead located at 317 Maple, Janesville, Iowa that is legally described as follows:

> The West 293 feet of the North 131 feet of the South 353 feet of the NE 1/4 of the SW 1/4 of Section 35, Township 91 North, Range 14 West of the 5th P.M.

and such lien is hereby avoided.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered: May 24, 2010

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

6